UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY GAY,                )
                            )
    Petitioner,         )
                            )
v.                          )   Case No. 06-4012
                            )
SHELTON FREY, Warden,       )
                            )
    Respondent.         )

**O R D E R**

This matter is now before the Court on Petitioner, Anthony Gay's ("Gay"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Respondent's Motion to Dismiss [#7] is GRANTED, and the § 2254 Petition [#5] is DISMISSED.

**BACKGROUND AND PROCEDURAL HISTORY**

On October 20, 1994, Gay pled guilty in the Circuit Court for Rock Island County, Illinois, to robbing a 15-year-old boy. He was sentenced to four years' probation. On October 24, 1994, the State filed a petition to revoke Gay's probation, contending that he had violated the terms of his probation by committing the offense of disorderly conduct. Charges of obstruction of justice and operating a motor vehicle without insurance or a valid driver's license were subsequently added. The Circuit Court found that he had violated his probation and sentenced him to seven years' imprisonment.

Gay pursued an appeal to the Illinois Appellate Court, and his sentence was affirmed on June 7, 1996. He took no further appellate action and did not file a Petition for Leave

to Appeal to the Illinois Supreme Court. Accordingly, Gay's conviction became final for purposes of direct appeal on June 28, 1996, which was 21 days after the Illinois Appellate Court issued its opinion.

On June 13, 2000, Gay initiated an attempt to collaterally attack his sentence and conviction through a post-conviction petition pursuant to 725 ILCS 5/122-1 in the Circuit Court of Rock Island County. On June 19, 2000, his petition was summarily dismissed as untimely. Gay appealed, and the Appellate Court reversed and remanded for consideration as a second-stage proceeding. The State moved to dismiss the petition as untimely, and on April 13, 2003, the Circuit Court again found that the petition was not timely filed and that Gay had failed to show a lack of culpable negligence. Gay filed another appeal. The Illinois Appellate Court granted the motion to dismiss, affirming the dismissal of his petition as untimely. Gay then pursued a Petition for Leave to Appeal to the Illinois Supreme Court, which was denied on May 25, 2005.

Gay filed the present Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 8, 2006. The State has filed a Motion to Dismiss, and this Order follows.

## DISCUSSION

There are statutory time limits which govern whether a district court can entertain a petition for writ of habeas corpus. The present case is covered by 28 U.S.C. § 2244, which states in relevant part:

> A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for post-conviction or other collateral review is pending in the state courts is not counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the present case, Gay alleges that he is entitled to relief because he received ineffective assistance of counsel in several ways. He makes no assertion that he was unable to discover his claims, that there is any newly recognized constitutional right, or that he was prevented from filing. Thus, this case does not involve the application of sub-sections (B), (C), or (D) above.

In the present case, Gay's direct attack on his conviction ended on June 28, 1996. He did not begin to pursue post-conviction relief in state court until June 13, 2000, when he filed his post-conviction petition in the Circuit Court of Rock Island County. His pursuit of post-conviction relief ended on May 25, 2005, with the issuance of the Illinois Supreme Court mandate, and his § 2254 petition was not submitted until March 8, 2006.

The Seventh Circuit has held that the one-year limitations period begins to run on April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), unless tolled as provided in § 2244(d)(2). <u>Gendron v. United States</u>, 154 F.3d

672, 675 (7th Cir. 1998). As Gay's direct appeal became final after the effective date of the AEDPA, he is not entitled to the one-year grace period recognized in Lindh v. Murphy, 96 F.3d 856, 865-66 (7th Cir. 1996). Accordingly, his period of limitations began to run on June 28, 1996, and he had only until June 28, 1997, in which to file a timely petition. As Gay did not file his post-conviction petition until June 13, 2000, nearly four years elapsed between the conclusion of his direct appeal and the commencement of post-conviction proceedings and there was nothing left of his limitations period to be tolled during the pendency of his post-conviction proceedings. He then allowed another nine months to elapse between the conclusion of his post-conviction proceedings and the initiation of the present action for federal review.

Therefore, Gay's one-year period of limitation under § 2244(d) expired on or about June 28, 1997, nearly nine years before he submitted his § 2254 petition. In other words, the nearly four years that elapsed between the conclusion of his direct appeal and the filing of his post-conviction petition, plus the roughly nine-month period between the denial of his petition for leave to appeal to the Illinois Supreme Court and the submission of his federal petition exceeds the statutorily prescribed 1-year period of limitations after which a federal court cannot entertain a petition brought pursuant to § 2254 by a prisoner in state custody. Therefore, the petition must be denied as untimely.

## CONCLUSION

For the reasons set forth herein, Respondent's Motion to Dismiss [#7] is GRANTED, and Gay's petition for writ of habeas corpus pursuant to § 2254 [#5] is DISMISSED. This matter is now terminated.

ENTERED this 31st day of August, 2006.

                                                      s/ Michael M. Mihm
                                                         Michael M. Mihm
                                               United States District Judge